UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
*Electronically filed*

CHRISTOPHER STILLER

        PLAINTIFF,

v.

MERCURY MARINE

        DEFENDANT.

Case No: **4:24-CV-24-RGJ**

JURY TRIAL DEMANDED

---

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

Plaintiff, Christopher Stiller, through his undersigned counsel, files his Complaint for Damages and Jury Trial Demand against Defendant, Mercury Marine, and in support hereof, states as follows:

### THE PARTIES, JURISDICTION AND VENUE

1. Plaintiff states that this action is based upon diversity of citizenship between Plaintiff and the Defendant, and the amount in controversy exceeds $75,000.00, and is brought pursuant to 28 U.S.C. § 1332(a).

2. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1), which states "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States".

3. Plaintiff, Christopher Stiller, was and is a citizen of the State of Indiana.

4. Defendant, Mercury Marine, was and is a for-profit corporation with a principal place of business of W6250 Pioneer Road, Fond du Lac, Wisconsin, 54936.

5. The Incident which gives rise to this litigation occurred in Grayson County, Kentucky, which is within the jurisdiction of this Court.

6. Venue is proper in the United States District Court – Western District of Kentucky pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

7. On the morning of September 4th, 2021, the Plaintiff, Christopher Stiller, was operating a pontoon boat equipped with a Mercury Marine Engine Model Number 12000009A, Serial Number 2B646276 ("the Engine") on Rough River Lake ("the Lake"), in Grayson County, Kentucky.

8. After some time on the Lake, Plaintiff, Christopher Stiller, decided to anchor his pontoon boat.

9. After stopping the boat, Plaintiff, Christopher Stiller, a very experienced boater of over thirty (30) years, cast the front anchor with no issue, then went to cast the back anchor, but the rope caught Plaintiff, Christopher Stiller, and began to pull him off the rear of the boat.

10. As he was being pulled off the rear of the boat, Plaintiff, Christopher Stiller, reached out to catch himself and his right hand contacted the Engine.

11. When Plaintiff, Christopher Stiller, came in contact with the Engine, his right ring and pinkie fingers were caught within the uncovered cowl air vent of the Engine, which severed the top portions of those fingers.

12. Plaintiff, Christopher Stiller, was rushed to the emergency room but his fingers were unable to be saved and he is left with permanent disability and disfigurement.

13. Following the incident, Plaintiff, Christopher Stiller, inspected the pontoon boat and the Engine to determine what caused his injuries.

14. After a diligent investigation and examination, Plaintiff, Christopher Stiller, was unable to discover defects, hazards, and/or dangers related to the Engine that could lead to the injuries he suffered, which are the basis of this Complaint.

15. On or about March 1, 2023, Plaintiff, Christopher Stiller, received notice from the Defendant, Mercury Marine, that the Defendant, Mercury Marine, had determined the Engine contains defects, hazards, and/or dangers related to the cowl air vent which has the potential to cause the exact injuries suffered by the Plaintiff, Christopher Stiller.

16. This March 1, 2023, correspondence from Defendant, Mercury Marine, attached hereto as Exhibit A, is the first notice of the Engine's defects, hazards, and/or dangers and the first opportunity the Plaintiff, Christopher Stiller, could have discovered the Engine's defects, hazards, and/or dangers.

17. On or about December 1, 2023, Plaintiff, Christopher Stiller, received a second notice from Defendant, Mercury Marine, admitting that the Engine contains defects, hazards, and/or dangers related to the cowl air vent which has the potential to cause the exact injuries suffered by the Plaintiff, Christopher Stiller.

18. This December 1, 2023, correspondence from Defendant, Mercury Marine, attached hereto as Exhibit B, is the second notice of the Engine's defects, hazards, and/or dangers and provided Notice For Recall Under the U.S. Federal Boat Safety Act due to the identification of a defect, hazard, and/or danger related to the top cowl air vent which could lead to injuries such as those suffered by the Plaintiff, Christopher Stiller.

**COUNT I – PRODUCT LIABILITY- DESIGN DEFECT**

19. Plaintiff restates and realleges each and every allegation contained in paragraphs 1 through 18 as though restated and realleged fully herein.

20. At all times relevant herein, Defendant, Mercury Marine, owed a duty to all consumers to design products that were safe and without defects, hazards, and/or dangers that could cause injuries, specifically, the uncovered cowl air vent of the Engine at the center of this Complaint.

21. At all times relevant herein, Defendant, Mercury Marine, breached its duty to Plaintiff, Christopher Stiller, and is strictly liable and/or negligent for, the defects, hazards, and/or dangers of the Engine that led to the injuries suffered by the Plaintiff, Christopher Stiller.

22. As a result of the actions and/or omissions of the Defendant, Mercury Marine, Plaintiff, Christopher Stiller, suffered damages including, but not limited to, severe personal and permanent injuries, incurred medical expenses, suffered pain and mental anguish, and will continue to incur medical expenses and suffer pain and mental anguish into the future.

23. Further, Defendant, Mercury Marine, admitted the Engine contains defects, hazards, or dangers, which could lead to the exact injuries suffered by the Plaintiff, Christopher Stiller, via their correspondence attached hereto as Exhibits A and B.

## COUNT II – PRODUCT LIABILITY- FAILURE TO WARN

24. Plaintiff restates and realleges each and every allegation contained in paragraphs 1 through 23 as though restated and realleged fully herein.

25. At all times relevant herein, Defendant, Mercury Marine, owed a duty to all consumers to warn them of defects, hazards, and/or dangers associated with use of its products, specifically the defects, hazards, and/or dangers presented by the uncovered cowl air vent of the Engine at the center of this Complaint.

26. At all times relevant herein, Defendant, Mercury Marine, breached its duty to Plaintiff, Christopher Stiller, and is strictly liable and/or negligent for, the failure to warn of defects, hazards, and/or dangers associated with the Engine that led to the injuries suffered by the Plaintiff, Christopher Stiller.

27. As a result of the actions and/or omissions of the Defendant, Mercury Marine, Plaintiff, Christopher Stiller, suffered damages including, but not limited to, severe personal and permanent injuries, incurred medical expenses, suffered pain and mental anguish, and will continue to incur medical expenses and suffer pain and mental anguish into the future.

28. Further, Defendant, Mercury Marine, admitted the Engine contains defects, hazards, or dangers, and failed to timely warn consumers which could lead to the exact injuries suffered by the Plaintiff, Christopher Stiller, via their correspondence attached hereto as Exhibits A and B.

### COUNT III – NEGLIGENCE PER SE

29. Plaintiff restates and realleges each and every allegation contained in paragraphs 1 through 28 as though restated and realleged fully herein.

30. Some or all of Defendant, Mercury Marine's, actions and/or omissions were violations of Kentucky statutes and/or ordinances designed to protect the class of persons in which Plaintiff, Christopher Stiller, was included against the risk of harm which occurred as a result of the violations and therefore constitute negligence per se under Kentucky law, more specifically Kentucky Revised Statutes § 411.300 through 411.350.

### RELIEF REQUESTED

31. Plaintiff, Christopher Stiller, has incurred severe personal and permanent injuries, medical expenses, pain and mental anguish and will continue to incur medical expenses and

suffer pain and mental anguish into the future, as a direct and proximate result of the Defendant's conduct.

32. Plaintiff, Christopher Stiller, demands judgment against the Defendant for damages in excess of $75,000.00 for injuries and pain and suffering in an amount to be proven at the trial of this cause, for medical expenses, lost wages, and other special expenses, for future medical expenses, lost wages, and other special expenses, court costs, and all other relief deemed appropriate in this matter.

## JURY DEMAND

25. Plaintiff, Christopher Stiller, demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff, Christopher Stiller, demands judgment against the Defendant for damages in excess of $75,000 for injuries and pain and suffering in an amount to be determined at the trial of this cause, for medical expenses, lost wages, and other special expenses, for future medical expenses, lost wages, and other special expenses, court costs, and all other relief proper in the premises.

Date: February 28, 2024

Respectfully submitted,

/s/ Marc Tawfik
Marc Tawfik, KY Bar No.: 96114
Larry R. Church, KY Bar No.: 84214
CHURCH LANGDON LOPP & BANET, LLC
318 Pearl Street, Suite 200
New Albany, IN 47150
812-725-8224
mtawfik@cllblegal.com
lchurch@cllblegal.com
*Attorney for Plaintiff*